Krueger, Gorman & Davis, Cleveland, for plaintiff-appellant.

J. J. Wodisky, Esq., Cleveland, for defendant-appellee, Lake Shore Hotel, Inc.

### GENERAL MOTORS ACCEPTANCE CORPORATION v KEHNERT et

Ohio Appeals, 8th Dist, Cuyahoga Co.

No. 17215. Decided Oct. 16, 1939

**OPINION**

By MORGAN, J.

On November 19, 1937, Helen Kehnert, one of the defendants herein, purchased a Chevrolet coupe and as part consideration gave a purchase money mortgage which was later assigned to the plaintiff. The chattel mortgage and assignment were duly recorded.

Some time after this date, Helen Kehnert took the car to the Lake Shore Hotel, Inc., where she was residing, and kept it in the garage attached to and operated by the hotel. In 1938 she

failed to make regular payments on her bill at the hotel and it retained the car claiming an innkeeper's lien. She also failed to keep up the payments on the car and the plaintiff then filed its action in replevin in the Municipal court of Lakewood, alleging the right of possession in the car by reason of the breach of the conditions of the chattel mortgage.

The case came on for trial and Judge Williams of the Municipal Court of Lakewood held in favor of the Lake Shore Hotel Inc., on the ground that it had an innkeeper's lien which would be entitled to preference over the plaintiff's prior chattel mortgage.

Judge Williams expressed his dissatisfaction with the result, but considered that he was obliged to follow the decision in **Thomas v Remington Typewriter Company, 30 C C 691.**

The case is before this court on an agreed statement of facts. After referring to the recording of the chattel mortgage on November 27, 1937, the agreed statement continues:

"Some time after this date, Helen Kehnert took the care to the Lake Shore Hotel Inc., where she resided and kept it in the garage attached to and operated by the hotel. The defendant had moved into a furnished suite at the hotel in the latter part of October, 1937. Under the arrangement, rent was payable monthly and the hotel provided a Frigidaire, stove and maid service. Defendant kept many pieces of her own furniture in the apartment."

Before considering the question whether or not an innkeeper's lien is entitled to preference over a prior chattel mortgage, it should first be determined whether or not under the facts in this case there are to be found all the conditions necessary to give the Lake Shore Hotel Inc., an innkeeper's lien on the Chevrolet car.

An innkeeper's lien is a lien at common law and in this state it is statutory by the provisions of §5984, GC, as follows:

"Such innkeeper shall have a lien on the baggage and other property in and about such inn belonging to or under the control of his guests or boarders for the proper charges due for money paid for or advanced to them, and for such other extras as are furnished at their request. The innkeeper may obtain such baggage and other property until the amount of such charge is paid, and the baggage and other property shall not be exempt from attachment or execution until the innkeeper's lien and the cost of enforcing it are satisfied."

This statute has been held to be declaratory of the common law.

**Thomas v Remington Typewriter Co., 11 C. C. (N.S.) 174.**

**M. & M. Hotel Company v Nichols, 21 Abs 66.**

In order that a hotel should be given a lien at common law, it is necessary that the person who is enjoying accommodations at the hotel should be a transient that is, that he should come to the inn as a guest for a more or less temporary stay. If such person is making his home or residence for the time being at the hotel he is not a guest but a roomer or lodger. In such case the inn would have no lien for its unpaid bill. (32 Corpus Juris 533, 537, 568; 14 Ruling Case Law 500, 539; 22 O. Jur. 9, 11.)

Sec. 5984, GC, provides for a lien "on the baggage and other property in and about such inn belonging to or under the control of his guests or boarders * * *."

It is evident that the statute does not enlarge the common law by giving a lien on the goods of residents or lodgers.

In the agreed statement of facts in this case, there is no statement that Helen Kehnert was taking her meals at the hotel. It does not appear that she had any other home than the hotel. On the contrary, the statement is that she "resided" that is, made her home at the hotel. During her stay, therefore, she was not a transient or guest, but a

resident of the hotel.

The other facts given, while not controlling, confirm this conclusion. Her rent was payable monthly. She kept many pieces of her own furniture in her apartment. She remained at the hotel for a considerable period of time. She left the hotel not because of her desire to make some other place her place of abode, but because she did not pay her bill.

All these facts go to show that her stay at the hotel was not that of a transient, but of a permanent resident, having the hotel as her home and fixed place of abode during her stay.

The innkeeper's lien was given at common law because of the extraordinary liabilities imposed upon innkeepers, and such liabilities were imposed only in the case of guests or transients applying for entertainment. The reason for the lien, therefore, does not exist in the case of accommodations given to permanent residents.

For these reasons, I have come to the conclusion that the Lake Shore Hotel, Inc., did not have a statutory innkeeper's lien in this case, and that therefore, the plaintiff is entitled to recover the automobile in this replevin action.

In view of this opinion, it becomes unnecessary for one holding these views to consider the question whether or not an innkeeper's lien should be preferred to a prior chattel mortgage.

---

Lieghley, J., concurs in the reversal for the reason that the chattel mortgage lien takes precedence over the innkeeper's lien, on the principle announced in Securities v Orlow, 107 Oh St 583.

The judgment of the Municipal Court of Lakewood is therefore reversed and the cause remanded for a new trial, according to law. Exceptions.

Terrell, PJ., dissents from the reversal for the reason that the hotel had an innkeeper's lien, which in law was precedent to the lien of the prior chattel mortgage.